### Albert B. Jenkins et al. v. City of Danville.

1.  Estoppel—*Res Adjudicata.*—A city, after having prosecuted a dram-shop keeper for keeping his shop open on Sunday in violation of an ordinance, and recovered the penalty therefor, which was paid, is estopped to bring an action against the dram-shop keeper and the sureties upon his bond for the same violation of the ordinance.

2.  Res Adjudicata—*Recovery for Violation of an Ordinance—Dram-shop Keeper's Bond.*—The liability of the sureties on a dram-shop keeper's bond is secondary, and that of the principal primary.   A judgment recovered against him is available to the sureties as well as to him under the doctrine of the *res adjudicata.*

Debt, on a saloon keeper's bond.   Trial in the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge, presiding. Judgment for plaintiff on demurrer to pleas.   Error by defendants. Heard in this court at the May term, 1898.   Reversed and remanded. Opinion filed October 5, 1898.

The city of Danville, Illinois, sued Albert B. Jenkins, Albert Goetz and Gus Flick, in the Circuit Court of Vermilion County, in an action for debt; the declaration charged that A. B. Jenkins applied for and was granted a license to keep a dram-shop in the city of Danville, in accordance with the ordinance of the city, which provided that before such license should be granted the person applying therefor, in addition to the statutory bond, should execute a bond to the city in the penal sum of $1,000, liquidated damages, with good sureties thereon, and conditioned " that the person to whom such license is granted shall observe and obey all laws and ordinances now in force, or such as may hereafter be in force, regulating and governing keepers of dram-shops.   And any breach of its con-

ditions shall work a forfeiture of the whole penalty thereof, the amount of which shall be recovered before any court having jurisdiction." That at the time of such application and granting of such license there was in force, and is now, an ordinance of said city, as follows, viz.: " No keeper of a dram-shop licensed under the provisions hereof to retail intoxicating, malt, vinous, mixed or fermented liquors, shall on Sundays, keep open or suffer or permit to be kept open, any part of his place of business, nor shall on Sunday, in any manner sell, or deliver any intoxicating, malt, vinous, mixed or fermented liquors, or suffer or permit any such liquors to be used or drank on his place of business, or in any place adjacent thereto under his control, under a penalty of not less than fifty dollars, nor more than two hundred dollars, for each offense." That before such license was issued to said Jenkins, he, in pursuance of the provisions of the ordinance first above quoted, with Albert Goetz and Gus Flick as sureties, executed and delivered to the plaintiff their certain writing obligatory, in and by which they jointly and severally acknowledged themselves to be bound unto the city of Danville in the penal sum of one thousand dollars, liquidated damages, which said writing obligatory was subject, nevertheless, to the following condition thereunder written, viz.: " Whereas, by the provisions of the ordinances of the city of Danville, Illinois, regulating the sale of intoxicating, malt, vinous, mixed or fermented liquors, the said city of Danville is about to grant a license to the above bounden A. B. Jenkins, to keep a dram-shop in the said city of Danville, to retail intoxicating, malt, vinous, mixed or fermented liquors in quantity less than one gallon. Now, therefore, the condition of the above obligation is such, that if the above bounden A. B. Jenkins, to whom such license is granted, observe and obey all laws and ordinances now in force, or such as may hereafter be in force, regulating and governing keepers of dram-shops, and shall well and truly pay to said city any and all fines, forfeitures and penalties incurred by reason of any violation of any of said ordinances, then this obligation to be void, otherwise to remain in full force and effect."

Which said bond was approved and accepted by the city council of said city, and the said license issued accordingly. And that the said A. B. Jenkins, after the making of said writing obligatory, and during the period for which said license was issued and granted, did not obey and observe all laws and ordinances of said city then in force, regulating and governing keepers of dram-shops, but on the contrary, to-wit, " the 9th day of May, A. D. 1897, said day being Sunday, at and within the corporate limits of the city of Danville, the said A. B. Jenkins, being then and there the keeper of a dram-shop, under the license aforesaid, unlawfully did keep open and there suffer and permit his said place of business to be kept open on said day, and did unlawfully then and there permit intoxicating liquors to be used and drank upon his said place of business on said day, contrary to the provisions of the ordinances of the said city of Danville. By reason of which said breach of said writing obligatory the same became forfeited, and according to the terms thereof, an action hath accrued to the city of Danville to demand and have of the said Jenkins and his sureties the sum of money above demanded, yet they have not paid the same or any part thereof. To the damage of the city of Danville in the sum of, to-wit, one thousand dollars, and therefore it brings this suit," etc.

To this declaration the said Jenkins, Goetz and Flick interposed pleas as follows, viz.:

" Special amended pleas :

" 1. For an amended plea in this behalf the defendants, A. B. Jenkins, Albert Goetz and Gus Flick say *actio non*, because they say that after the supposed breach and offense in the plaintiff's declaration specified, and before the commencement of this suit, the said plaintiff elected to and did in justice court, in the said county, prosecute the said defendant, A. B. Jenkins, and recover a judgment against him in the sum of, that is to say, fifty dollars and costs of suit, for the very same breaches, offenses and violations in the said declaration set out, and these defendants aver that, before the commencement of this suit, the said A. B. Jenkins fully paid the said judgment and costs, and satisfied the same, and this the defendants are ready to verify, wherefore," etc.

" 2. And for a further and amended plea in this behalf the said defendants say *actio non*, because they say that on, that is to say, the 10th day of May, 1897, after the said A. B. Jenkins failed to observe the ordinances of the said city, but did on, that is to say, the 9th day of May, 1897, the said day being Sunday, at, and in the corporate limits of the city, being then and there the keeper of a dram-shop under a license of the said city for that purpose, unlawfully keep open his place of business on the said Sunday and permit intoxicating liquors to be drank in said place of business as in the declaration alleged, the said plaintiff, being the city aforesaid, elected and did before one H. C. Patterson, a justice of the peace in and for the said county, prosecute the said A. B. Jenkins, and recover a judgment against him for the sum' of, that is to say, fifty dollars and costs of suit for the violation and non-observance of the ordinances aforesaid of the said city and the breaches of the said writing obligatory as in the said declaration mentioned, and for no other cause whatever. And the said defendants aver that before the commencement of this suit, the said A. B. Jenkins fully paid the judgment and costs aforesaid and thereby fully satisfied the said city for the violations, offenses and non-observance as aforesaid of the said ordinances and the breaches of the said writing obligatory; and the defendants further aver that the violations, offenses and non-observances aforesaid, and the breaches of the said writing obligatory complained of in this suit are the same as and identical with those for which the said A. B. Jenkins was prosecuted and for which judgment was obtained against him as aforesaid. All of which the defendants are ready to verify, wherefore," etc.

" 3. And for a further and amended plea in this behalf, the said defendants say *actio non*, because they say that the supposed writing obligatory in the said declaration set out is without warrant of law, void and of no virtue whatever as to this proceeding, and this the said defendants are ready to verify, wherefore," etc.

" 4. And for a further and amended plea in this behalf except as to one cent, the defendants say *actio non*, because they say that after the committing of the said offense by the said A. B. Jenkins, in the said declaration mentioned, and before the commencement of this suit on, that is to say, the 10th day of May, 1897, in the said county, the said plaintiff, being the said city, elected to and did prosecute and recover a judgment against the said A. B. Jenkins for the sum of fifty dollars and costs of suit before one H. C. Patterson, a justice of the peace in and for the said county, for

the identical offense complained of in the said declaration in this suit, and for none other; and the said defendants aver that before the commencement of this suit, the said A. B. Jenkins fully paid and satisfied the said judgment and costs of suit, and thereby satisfied the said city for the said offense as elected by it to be satisfied as aforesaid, and discharged these defendants from the obligation of the said writing obligatory except as to the one cent aforesaid, and this the defendants are ready to verify, wherefore," etc.

"5. And for a further and additional plea the said defendants say *actio non*, except as to one cent, because they say that the ordinances in the said declaration mentioned were enacted in 1876, and have been in force for, to wit, over twenty years, and the alleged bond or writing obligatory declared on in said declaration is a form that has been in use for, to wit, twenty years; that said plaintiff has during all that period of time, and ever since the enactment of said ordinances, always construed, considered, and acted upon said bonds solely and exclusively as bonds of indemnity for the payment to the plaintiff of all fines and costs assessed against the principal for any and all violations of its ordinances; that when said defendants signed and executed said alleged bond in said declaration, it was solely upon the faith and consideration that said plaintiff had always construed said bond solely and exclusively in all cases as a bond of indemnity, and after the supposed breach and offense in plaintiff's declaration specified and before the commencement of this suit, the said plaintiff elected to and did in justice court, in the said county, prosecute the said defendant, A. B. Jenkins, and recover a judgment against him in the sum of fifty dollars and costs of suit for the very same breaches, offenses and violations in the said declaration stated, and these defendants aver that before the commencement of this suit the said A. B. Jenkins fully paid the said judgment and costs and satisfied the same, and this the defendants are ready to verify."

A demurrer was interposed to these pleas and sustained, and the defendants elected to stand by their pleas. The court found for the plaintiff $1,000 debt and $1,000 damages, and gave judgment accordingly, and that the debt be satisfied upon payment of the damages. The defendants prosecute a writ of error out of this court to reverse that judgment, assigning as error that the Circuit Court improperly sustained the demurrer to the pleas.

WILL BECKWITH and D. D. EVANS, attorneys for plaintiffs in error.

It is a rule of law that a party having the choice of two remedies can prosecute and recover upon but one of them. The peace and order of society and the principles of government require that a matter once litigated shall not again be drawn into question between the same parties.

Mr. Justice McLean once said :

" Nothing can be more repugnant nor contradictory than two punishments for the same act. It would be a mockery of justice and a reproach to civilization."

Mr. Justice Dickey, in Wragg v. Penn Township, 94 Ill. 18, commenting on the principle announced by Mr. Justice McLean, says :

" But he stood alone in his dissent from the opinion of the court. The doctrine was afterward held sound in the case of Moore v. The People of the State of Illinois, 14 How. 13."

While it is true that what Mr. Justice McLean said was in a dissenting opinion, there was no dissent as to the principle announced by him.

And while it is true that the courts have held—but not uniformly—that one act may constitute two offenses, for which two punishments may be inflicted, the courts of this State have not held that for one act two punishments may be inflicted by one person having the power to punish. Where two punishments have been permitted it has uniformly been where one act has been an injury to two different persons. Wragg v. Penn Township, 94 Ill. 18.

G. F. REARICK, city attorney, for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

By the pleadings the facts disclosed in this case are, that Albert Jenkins obtained from the city of Danville a license to keep a dram-shop in that city. In addition to the statutory bond, the city required of him and he gave the bond sued upon, which was in the penal sum of $1,000, agreed to be liquidated damages, conditional that Jenkins would

Jenkins v. City of Danville.

observe and keep all the ordinances of the city.   There was
an ordinance of the city prohibiting the keeping open of
dram-shops on Sunday and prescribing a penalty for its vio-
lation of not less than $50, nor more than $200.   Jenkins
violated that ordinance, and the city sued him before a jus-
tice of the peace therefor, and recovered a judgment of $50,
which he paid.   The city then brought this suit upon that
bond to recover $1,000 for the same violation of the ordi-
nance.   The declaration was in debt, and to it the plaintiffs
in error filed pleas numbered 1, 2 and 4, called in this
record "amended special pleas," in which they set up in
bar of the action, in different forms, the former recovery of
a judgment by the city against Jenkins for the same viola-
tion of the ordinance mentioned in the declaration, and that
he had paid the judgment before the suit was commenced;
also plea number 3, alleging that the bond sued on was
given without warrant of law and is void; and plea number
5, alleging that for twenty years the city of Danville had
construed the bonds given under the same ordinance of the
city that the bond sued on was given, and of like tenor and
effect, to be bonds of indemnity only, to secure the payment
of fines incurred for violating the ordinances of the city,
and when the bond sued on was given, the plaintiffs in error
had relied upon that construction and that the city would
so construe the bond sued on, and then averred the recovery
of a judgment by the city against Jenkins for the same vio-
lation of the ordinance before this suit was commenced.

The court sustained a general demurrer interposed by the
defendant in error to these pleas, and upon the plaintiffs in
error standing by their pleas, gave judgment for $1,000
debt, and $1,000 damages, the judgment to be satisfied on
payment of the damages.   The plaintiffs in error sue out
this writ of error to reverse this judgment, assigning as
error that the demurrer to the pleas was improperly sus-
tained.

The principal contention of the plaintiffs in error is, that
while under the facts set forth in the declaration the city of
Danville could recover from Jenkins the penalty prescribed

by the ordinance for its violation by suing him either directly therefor, or by suing him and his sureties on the bond for the penalty prescribed by the bond, and a recovery of either penalty barred a recovery of the other, since the cause of action in either case was the same, to wit, the right to recover a penalty for keeping open his dram-shop on Sunday; yet, as the pleas numbered 1, 2 and 4 disclosed the further fact that the city of Danville had, for the same cause of action mentioned in the declaration, recovered a judgment against Jenkins in a court of competent jurisdiction, which he has paid, the right of action in the declaration sought to be enforced had become *res judicata*, and these pleas set up a good defense and ought to have been sustained.

We think the plaintiffs in error are correct in this contention, because the matter directly in issue between the city and Jenkins, in the case set out in the pleas, which was reduced to judgment and is paid, according to the pleas, was the same violation of the same ordinance, and the amount of the penalty recoverable therefor in that case is one of the same questions involved in the case at bar, thus making the pleas set up a clear case of *res judicata* of the cause of action disclosed by the declaration, and therefore they ought to have been sustained. The Duchess of Kingston's case, 11 State Trials, 261, and Kitson v. Farwell et al., 132 Ill. 338–340.

We think the city of Danville may have had the power to require the bond it did of Jenkins, according to the facts stated in the declaration, and the plaintiffs in error having executed it according to the facts admitted by the pleadings, may be bound by its terms; yet, inasmuch as the city, according to the pleadings, has submitted the same cause of action, *i. e.*, the right to recover from Jenkins a penalty, and how much, for keeping his dram-shop open on the particular Sunday mentioned in the declaration, to a court of competent jurisdiction, and secured an adjudication thereon, and received the fruits thereof, can not again open the same matter, as to do so would be a violation of the maxim that there must be an end to litigation.

As the liability of the sureties on the bond was secondary, and that of Jenkins, the principal, primary, the judgment set up in the pleas recovered against the principal was available to them as well as to him, under the doctrine of *res judicata*.

The demurrer was properly sustained to the third and fifth amended pleas, because the third plea set up only a conclusion of law without the necessary facts to justify it; and the fifth seeks to bind the city to a construction of the bond sued on as one of indemnity only, which is not its legal effect according to the express terms thereof, nor are the facts set up in the plea upon which it is claimed the plaintiffs in error relied when they executed the bond sufficient to base an estoppel *in pais*.

Because the Circuit Court erred in sustaining the demurrer to the amended special pleas numbered 1, 2 and 4 in this case we reverse its judgment, and remand the case to that court with instructions to overrule the demurrer to said pleas and then proceed with the case according to law.

Reversed and remanded, with instructions.